UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTWOYN TERRELL SPENCER,<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al*,<br><br>    *Defendants*. | Civil Action No. 24-cv-3641 (RDM) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, brings this action against the United States Department of Justice, Merrick Garland, and various other government officials under 42 U.S.C. § 1983 for "deprivation of his civil right to due process" by his "being held to answer for infamous crimes not on an indictment of grand jury" and "being restrained of his liberty against law." Dkt. 1 at 2 (Compl). Plaintiff was found guilty of several drug offenses in 2007. *See id.* at 1. According to Plaintiff, the charges for which he was "tried, convicted, and sentenced [] are not crimes returned by a grand jury." *Id.* at 2. He seeks monetary damages for the alleged injuries.

Where, as here, the plaintiff is proceeding *pro se*, the Court will hold his pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Although none of the Defendants have been properly served, nor have they appeared in this suit, the Court may *sua sponte* dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) where "it is patently obvious" that the plaintiff cannot "prevail[] on the facts alleged in his complaint." *Baker v. Director, U.S.*

*Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *see also Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011).

Plaintiff's claims are not cognizable in this Court.  He seeks monetary damages for his conviction for crimes that he alleges were not presented to a grand jury and for his "currently being restrained of his liberty."  *See* Dkt. 1 at 2 (Compl.).  Those claims are not cognizable "unless [Spencer's] conviction or sentence [itself] has been invalidated or called into question by issuance of a writ of habeas corpus," *In re Jones*, 652 F.3d 36, 37–38 (D.C. Cir. 2011) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).  Absent any indication that Plaintiff's convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *Humphrey*, 512 U.S. at 487, the Court must dismiss these claims for failure to state a claim, *see In re Jones*, 652 F.3d at 38.

For the reasons stated, it is **ORDERED** that Plaintiff's complaint is **DISMISSED**.  A separate order shall issue.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  January 30, 2025